UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNNETTE THOMAS,

    Plaintiff,

v.

EDWAN KHRAWESH,

    Defendant.

_____/

Case No. 2:17-cv-10026

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Lynnette Thomas brought suit to enforce a judgment she received in a previous case, *Thomas v. Athlete's Foot*, Case No. 10-cv-12558. Plaintiff was unable to collect on her earlier judgment because Defendant Edwan Khrawesh dissolved the corporation[1] that was the defendant to the original action. Now before the Court is Plaintiff's Motion for Summary Judgment. The Court has reviewed the briefs, and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons listed below, the Court will grant Plaintiff's Motion for Summary Judgment.

**BACKGROUND**

Plaintiff's action stems from a previous case, *Thomas v. Athlete's Foot*, Case No. 10-cv-12558 (the "Original Case"). In the Original Case, Plaintiff sued her corporate employer, Detroit Sport Foot, for sexual harassment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. ECF

---

[1] Although the corporation did business under the name "The Athlete's Foot," it was incorporated under the name "Detroit Sport Foot" and located at 11214 E. Jefferson, Detroit, MI 48214. ECF 14-6. To avoid confusion with Defendant's other corporation doing business under the name "Athlete's Foot," the Court will refer to the corporation at issue here as "Detroit Sport Foot."

14-23, PgID 340. Detroit Sport Foot initially participated in the litigation, but stopped after Plaintiff's action survived a motion for summary judgment. *Id.* The Court then entered default judgment against Detroit Sport Foot and awarded Plaintiff damages, fees, and costs in the amount of $105,512.50. *Thomas v. Athlete's Foot*, Case No. 10-cv-12558, ECF 34. Plaintiff was unable to collect on the judgment, however, because Detroit Sport Foot dissolved. *Id.*, ECF 39; ECF 14-17.

Plaintiff then filed a motion to pierce Detroit Sport Foot's corporate veil and proceed against its owner: Defendant Edwan Khrawesh. ECF 14-3. Attorney Edward Ewald appeared "to represent the legal interests of Edwan Khrawesh," ECF 14-26, and filed a response to Plaintiff's motion, *Athlete's Foot*, ECF 52. The Court carefully considered both parties' briefs and concluded that Plaintiff suffered an unjust injury from Defendant's abuse of the corporate privilege. ECF 14-23, PgID 347. But there was a technicality that prevented the Court from granting Plaintiff's motion: Defendant was not named a defendant to the Original Case. ECF 14-25. Consequently, the Court denied Plaintiff's motion and retained exclusive jurisdiction. *Id.* Plaintiff then brought suit to enforce the judgment. ECF 1.

## STANDARD OF REVIEW

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

**DISCUSSION**

I.   Plaintiff may proceed with her cause of action.

The Court may enter judgment only if there is a proper cause of action before it. Plaintiff brings an "action to pierce the corporate veil," ECF 1, which is traditionally an equitable remedy rather than an independent cause of action. *See Brennan v. Nat'l Action Fin. Servs., Inc.*, No. 12-cv-10551, 2012 WL 3888218, at *3 (E.D. Mich. Sept. 7, 2012) (citing *In re RCS Engineered Prods. Co.*, 102 F.3d 223, 226 (6th Cir. 1996)). The Court raised this issue at the Rule 16 Scheduling Conference, yet both parties neglected to address it in their briefs. After careful consideration of this nearly fatal flaw, the Court finds that Plaintiff may proceed.

The action is premised on diversity, so the Court must determine if federal or state law governs the question of whether Plaintiff's claim is a proper cause of action. *See Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Courts typically "look to local law to find the

cause of action." *Ragan v. Merch. Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949). The Court therefore finds that state law governs.

The Court next must determine which state's law to apply. The Court is located in Detroit, so Michigan's choice of law principles govern the analysis. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941) (federal courts apply choice of law principles of the state where the federal court is located). "Michigan choice of law principles provide that Michigan law applies absent a rational reason—such as another State's interest—to apply other law." *Daimler-Chrysler Servs. N. Am., LLC v. Summit Nat., Inc.*, 289 F. App'x 916, 921 (6th Cir. 2008) (citing *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 285–87 (1997)). Additionally, "Michigan choice of law provisions favor allowing Michigan residents to bring suit in Michigan courts under Michigan law." *Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425 (6th Cir. 2009) (citing *Olmstead v. Anderson*, 428 Mich. 1, 23–27 (1987)). Here, Plaintiff is a resident of Michigan, Detroit Sport Foot was incorporated in Michigan,[2] and the underlying events occurred in Michigan. ECF 1, PgID 2. Michigan law must apply.

Finally, the Court finds that Michigan law permits Plaintiff to proceed on a claim to pierce the corporate veil. Under Michigan law, "piercing the corporate veil is merely a remedy to be applied in certain limited circumstances," rather than an independent cause of action. *Gallagher v. Perhsa*, 315 Mich. App. 647, 661 (2016). Michigan courts, however, allow plaintiffs to proceed without a separate cause of action when "there already exists a judgment based on one or more causes of action." *Id.* Specifically, "when a judgment

---

[2] Diversity jurisdiction exists here because Defendant is an Ohio resident and Detroit Sport Foot is not named as a defendant. ECF 1.

already exists against a corporate entity, an additional cause of action is not needed to impose liability against a shareholder or officer if a court finds the necessary facts to pierce the corporate veil." *Id.* at 665. Here, Plaintiff already has a judgment against Defendant's dissolved corporation, *Athlete's Foot*, Case No. 10-12558, ECF 34, and the Court has previously found the necessary facts to pierce the corporate veil, ECF 14-23. Plaintiff's claim therefore falls within the narrow set of circumstances where the Court can proceed under Michigan law.

II.  Issue preclusion does not apply.

Plaintiff argues that an order in the Original Case bars relitigation of whether she can pierce the corporate veil. The order was entered by a federal court, so federal law governs its preclusive effect. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007) (preclusive effect of a judgment issued by a federal court is governed by federal law). Under federal law, issue preclusion "precludes relitigation of issues of fact or law actually litigated and decided in a prior action between the same parties and necessary to the judgment[.]" *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 661 (6th Cir. 1990). Plaintiff is correct that (1) the parties have fully briefed and argued the question, (2) the Court carefully considered the outstanding legal and factual matters before issuing its order, and (3) the interests of judicial efficiency and consistency cut in favor of barring relitigation. But a disposition must be of a certain quality to function as a basis for issue preclusion. 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4416 (3d ed.). Here, the Court did not enter a judgment that relied on its analysis of the corporate veil question. Consequently, the question was not actually litigated and decided. Issue preclusion therefore does not apply.

III. Plaintiff may pierce the corporate veil.

Michigan law governs the analysis of whether the Court should allow Plaintiff to pierce the corporate veil.[3] Michigan law "treats a corporation as an entirely separate entity from its stockholders, even where one person owns all the corporation's stock." *Foodland Distribs. v. Al-Naimi*, 220 Mich. App. 453, 456 (1996). "Ordinarily, the officers and shareholders of a corporation are not liable for the actions of the corporate entity," *Mich. Laborers' Health Care Fund v. Taddie Const., Inc.*, 119 F. Supp. 2d 698, 702 (E.D. Mich. 2000), and "there is a presumption that the corporate form will be respected." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007). But when a corporate entity is "invoked to subvert justice, it is ignored by the courts." *Green v. Ziegelman*, 310 Mich. App. 436, 451 (2015) (quotations omitted).

Michigan courts hold corporate officers personally liable when "(1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *Servo*, 475 F.3d at 798. When analyzing the three factors, courts also consider the "undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 302–03 (6th

---

[3] The choice of law analysis is the same here as in Section I, but now the Court is concerned with the standard to apply to the cause of action. Because the applicable standard would affect a litigant's decision to proceed in state or federal court, state law applies. *See Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965) (vertical choice of law analysis is rooted in the notion that litigation should not materially differ between state and federal court as well as a preference to avoid forum shopping).

Cir. 2005). Ultimately, the result of this "intensively fact-driven" inquiry depends on "the equities of the situation." *Servo*, 475 F.3d at 798.

Plaintiff is entitled to pierce the corporate veil. The Court will address each element in turn.

A. Detroit Sport Foot was a mere instrumentality.

The facts, construed in the light most favorable to Defendant, support a finding that Detroit Sport Foot was a mere instrumentality. Plaintiff argues and the record shows that: (1) Defendant was the sole incorporator of Detroit Sport Foot, ECF 14-5, 14-6; (2) Defendant owned 100% of the stock in the corporation, ECF 14-12, 14-13; (3) Defendant served as the President and there are no corporate records of any other corporate officers, ECF 14-18; (4) Defendant failed to produce any documents setting forth any corporate minutes or other indicia of corporate governance; (5) Defendant failed to produce evidence that Detroit Sport Food ever declared dividends; and (6) Defendant claims to have loaned $74,942 to the corporation, but he cannot produce any evidence of the loan or a repayment schedule, ECF 14-15.

Defendant does not respond to (1) and (6) and admits to (4) and (5). His only counter argument to (2) and (3) is: "Plaintiff's assertion is absurd." ECF 17, PgID 384. That conclusory statement is of course insufficient to raise a genuine issue of material fact. Given the uncontroverted facts, Detroit Sport Foot was without question a mere instrumentality. *See Michigan Laborers'*, 119 F. Supp. 2d at 703 (holding that a corporation was a mere instrumentality when an individual defendant was "the sole-shareholder, president, vice-president, secretary, and treasurer of the corporation;" his "compensation was not set forth in any document;" "he made loans" to the corporation without being paid

7

back and without substantial records; he "was unable to produce any minutes of corporate meetings;" and he failed to "show that the corporation ever declared any dividends").

B. The corporate entity was used to commit a fraud or wrong.

Under Michigan law, a corporate officer assumes personal liability by using the corporate form to engage in "deliberate wrongful conduct." *Lim v. Miller Parking Co.*, 548 B.R. 187, 203 (E.D. Mich. 2016). "Michigan law does not require a showing of fraud or illegality before the corporate form will be disregarded." *Michigan Laborers'*, 119 F. Supp. 2d at 703. Instead, corporate officers may be liable for "conduct short of the illegal" that makes "unjustified use of the corporate form." *Id.*

The record shows that shortly after the Court denied Detroit Sport Foot's motion for summary judgment in the Original Case, Defendant dissolved the corporation. ECF 14-17. The corporation began 2013, the year of dissolution, with $51,233 in inventory. ECF 14-15, PgID 352. Despite selling only $5,660 worth of goods, it ended the year with zero assets. *Id.* The remaining inventory disappeared with no record of liquidation, theft, insurance claim, tax loss, or accounting. ECF 14-11, PgID 232, 236–37. Defendant admits that a month after the dissolution, he withdrew in cash the corporation's last $7,573.82 without an accounting. ECF 17, PgID 386. His defense: a conclusory assertion that "[t]he closing of the Detroit Sport Foot was proper." ECF 17, PgID 387. Defendant fails to call into question the relevant portions of the record, and his use of corporate assets without an accounting constitutes a wrongful act. *See Daymon v. Fuhrman*, No. 249007, 2004 WL 2238596, at *2 (Mich. Ct. App. Oct. 5, 2004).

C. An unjust injury resulted.

An unjust injury occurs when a plaintiff is unable to collect on a default judgment due to a corporate officer's wrongful conduct. *Daymon*, 2004 WL 2238596, at *2. Specifically, *Daymon* held that "the closing of business and transfer of the significant corporate assets" without notice to a recent judgment creditor "was wrong and caused injury to plaintiffs." *Id.* at *2. The uncontroverted facts here are nearly identical. As Plaintiff's case against Detroit Sport Foot progressed, Defendant dissolved the corporation, ECF 14-17, and its assets disappeared without an accounting, ECF14-15; ECF 14-11, PgID 232, 236–37. Defendant's only response rooted in the record is that "[h]e hired a bookkeeper[.]" ECF 17, PgID 387. But not even the bookkeeper can account for the disappearance of corporate assets or the cash Defendant admitted withdrawing after dissolution. ECF 14-11, PgID 232, 236–37; ECF 17, PgID 386. Although, unlike in *Daymon*, Defendant dissolved the corporation before the Court entered default judgment, he caused the same unjust injury by stripping Detroit Sport Foot of assets and preventing Plaintiff from collecting on a default judgment. As a result, Plaintiff suffered an unjust injury.

IV. Conclusion

For these reasons, the Court finds that there are no genuine issues of material fact and Plaintiff is entitled to judgment as a matter of law. Due to the uniqueness of Plaintiff's cause of action, the Court will order additional briefing on the question of damages.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment [14] is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties **SUBMIT** additional briefs addressing the issue of damages no later than **October 16, 2017**. Each party's brief shall be no longer than 10 pages.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 27, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 27, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager