UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNNETTE THOMAS,

        Plaintiff,

v.

EDWAN KHRAWESH,

        Defendant.

                                 /

Case No. 2:17-cv-10026

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER AWARDING DAMAGES**

Plaintiff Lynnette Thomas brought suit to enforce a judgment she received in a previous case, *Thomas v. Athlete's Foot*, Case No. 10-cv-12558 (the "Original Case"). The Court has determined that Plaintiff is entitled to judgment as a matter of law and also ordered the parties to submit supplemental briefing on damages. Plaintiff now seeks the following damages: (1) $105,512.50 pursuant to the judgment in the Original Case; (2) $20,534.13 in prejudgment interest; (3) $2,683.80 in costs for the present action; and (4) $42,035.75 in attorney's fees for the present action. ECF 20, PgID 675. The Court will address each request in turn and award Plaintiff $126,446.63.

I.    Judgment in the Original Case

Plaintiff is entitled to the entire judgment from the Original Case. In the Original Case, Plaintiff sued her corporate employer Detroit Sport Foot.[1] The corporation initially

---

[1] Although the corporation did business under the name "The Athlete's Foot," it was incorporated under the name "Detroit Sport Foot" and located at 11214 E. Jefferson, Detroit, MI 48214. ECF 14-6. To avoid confusion with Defendant's other corporation doing business under the name "Athlete's Foot," the Court will refer to the corporation at issue here as "Detroit Sport Foot."

1

participated in the litigation, but stopped after Plaintiff's action survived a motion for summary judgment. ECF 14-23, PgID 340. The Court then entered default judgment against Detroit Sport Foot and awarded Plaintiff $105,512.50. ECF 19-7, PgID 640. Plaintiff was unable to collect on the judgment, so she filed a separate cause of action to pierce the corporate veil. The Court ultimately granted Plaintiff's motion for summary judgment, and found that she could collect personally against Detroit Sport Foot's owner: Defendant Edwan Khrawesh. ECF 18. The legal significance of piercing the corporate veil is that an individual is made personally liable for a corporation's liabilities. *Piercing the Corporate Veil*, Black's Law Dictionary (10th ed. 2014); *see also Ryan Racing, LLC v. Gentilozzi*, 231 F. Supp. 3d 269, 282 (W.D. Mich. 2017); *Gallagher v. Persha*, 315 Mich. App. 647, 654 (2016); *Green v. Ziegelman*, 310 Mich. App. 436, 465 (2015). So here, the Court found that Defendant is personally liable for Detroit Sport Foot's liability from the Original Case. ECF 18. Accordingly, it is appropriate to award the amount of the judgment as damages.

Defendant argues that the default judgment in the Original Case should have been less, ECF 19, but his arguments are misplaced. The proper time for Defendant to have limited his exposure was in the Original Case. He had ample opportunity to fully litigate every issue, and as a result his corporation—and now Defendant personally—could have won the case or incurred less damages. Instead, Defendant decided to abandon the litigation and strip the corporation of assets. And those decisions had consequences: the Court entered default judgment against Detroit Sport Foot and has allowed Plaintiff to pierce the corporate veil.

II.  Prejudgment Interest

The Court finds that Plaintiff is entitled to her entire request for prejudgment interest. The question of whether Plaintiff is entitled to prejudgment interest is governed by Michigan law. *Perceptron, Inc. v. Sensor Adaptive Mach., Inc.*, 221 F.3d 913, 922 (6th Cir. 2000). Michigan law provides that "[i]nterest is allowed on a money judgment recovered in a civil action." Mich. Comp. Laws § 600.6013(1). Plaintiff argues that the interest is mandatory, ECF 20, PgID 667, but it is unclear whether she is correct. Certain subsections of the statute use mandatory language, *see, e.g.* Mich. Comp. Laws §§ 600.6013(3) and (4), and Michigan courts have interpreted the mandatory language as compelling prejudgment interest, *see, e.g.*, *Everett v. Nickola*, 234 Mich. App. 632, 639 (1999). Here, however, Plaintiff seeks to recover under § 600.6013(8). ECF 20, PgID 667. That subsection does not use mandatory language. Nonetheless, the Court finds that interest is appropriate because Defendant's actions unduly delayed Plaintiff's recovery. *See Everett*, 234 Mich. App. at 639 (holding that § 600.6013 should be liberally construed in favor of plaintiffs). Because Plaintiff provided her calculation of the interest, ECF 20-4, represented that it complies with the strictures of § 600.6013(8), ECF 20, PgID 667–68, and Defendant has not argued against the calculation, the Court finds that Plaintiff is entitled to the amount of the entire request.

III.  Costs for the Present Action

The Court finds that Plaintiff is entitled to $400 in costs. Civil Rule 54(d)(1) generally provides that costs should be allowed to the prevailing party. *Fed R. Civ. P.* 54(d)(1). Costs, however, are not synonymous with expenses. 10 Wright & Miller, Fed. Prac. & Proc. Civ. § 2666 (3d ed.). Rather, the Court looks to the definition of "taxable

3

costs" provided in 28 U.S.C. § 1920. *See Goostree v. Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986). Plaintiff submitted a list of requested costs, ECF 20-6, and the Court finds that only the $400 filing fee is recoverable. The remaining requests either do not satisfy the requirements of § 1920 or have transaction dates prior to the filing of the case; that fact suggests the costs were more likely incurred in relation to the Original Case.

IV.     Attorney's Fees for the Present Action

The Court finds that Plaintiff is not entitled to attorney's fees. Courts generally do not award attorney's fees absent explicit statutory authority. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). In her argument for attorney's fees, Plaintiff does not cite any statutory authority. ECF 20, PgID 669–70. She instead cites case law for the proposition that attorney's fees are appropriate for "post-judgment collection efforts." *Id.* Plaintiff's argument is unpersuasive for two reasons. First, it relies on cases from outside the Sixth Circuit. Second, the cited cases pertain to post-judgment efforts as part of a cause of action with statutorily authorized attorney's fees. *See, e.g.*, *Free v. Briody*, 793 F.2d 807, 808–09 (7th Cir. 1986); *Balark v.* Curtin, 655 F.2d 798, 802–03 (7th Cir. 1981); *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544–45 (10th Cir. 2000). Here, Plaintiff brought a separate cause of action to pierce the corporate veil. And consequently, attorney's fees are not statutorily authorized because the action is not brought under Title VII or Michigan's Elliott-Larsen Civil Rights Acts. *See* 42 U.S.C. § 2000e-5(k); Mich. Comp. Laws § 37.2802. The Court therefore finds that an award of attorney's fees is inappropriate.

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff is awarded $126,446.63 in damages ($105,512.50 for the judgment in the Original Case, $20,534.13 in prejudgment interest, and $400 in costs).

This is a final order that closes the case.

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: November 16, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2017, by electronic and/or ordinary mail.

                                      s/David P. Parker
                                      Case Manager